**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC formerly known as
SWIFT TRANSPORTATION CO., INC.,
and LEXINGTON INSURANCE COMPANY                                          PLAINTIFFS

vs.                              CASE NO. 4:10-CV-1516

ALFRED F. ANGULO, JR., and
BARRETT AND DEACON, A PROFESSIONAL
ASSOCIATION                                                               DEFENDANTS

**ANSWER**

Come now the defendants, Alfred F. Angulo, Jr. and Barrett and Deacon, a Professional Association (hereafter, "Barrett & Deacon"), and for their Answer to the Complaint of the plaintiffs, Swift Transportation Co. of Arizona, LLC, formerly known as Swift Transportation Co., Inc., and Lexington Insurance Company, state and allege:

1. They admit the allegations contained in paragraph 1.

2. They admit the allegations contained in paragraph 2.

3. They admit that Alfred F. Angulo, Jr. is a citizen and resident of Arkansas. They admit that since June 1, 2008, Angulo has been an employee of Barrett and Deacon. They deny that there was any negligence on the part of Angulo which would be imputed to Barrett and Deacon. All remaining allegations contained in paragraph 3 are denied as stated.

4. They admit the allegations contained in paragraph 4.

5. The allegations contained in paragraph 5 are denied as stated.

6. They admit the allegations contained in paragraph 6.

7. They admit that Lexington Insurance Company was an excess insurer for Swift.

8.      As to the allegations contained in paragraph 8, they admit that Alfred Angulo, Jr. is an attorney.  They admit that Angulo was retained to represent Swift Transportation Company in the underlying Turner lawsuit.  At the time Angulo was retained to represent Swift, Angulo was associated with the Laser Law Firm.  Angulo later became an employee of Barrett and Deacon on June 1, 2008.  Angulo defended Swift in the underlying Turner lawsuit, which initially resulted in a mistrial due to a hung jury.  After the mistrial, Lexington Insurance Company, excess insurance carrier for Swift, retained the law firm of Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, of Atlanta, Georgia, as additional trial counsel to participate with Angulo in defending Swift in the re-trial.  The remaining allegations contained in paragraph 8 are denied as stated.

9.      As to the allegations contained in paragraph 9, they admit that the Turner case was re-tried in Drew County in May of 2008 and that the jury returned a verdict against Swift in the amount of $6 million.  They further admit that a judgment in that amount was entered against Swift on May 28, 2008.  They further admit and state that Angulo prepared a Notice of Appeal which was timely filed, and that Lexington Insurance Company retained the law firm of Hardin, Jesson & Terry, PLC, as additional attorneys to handle the preparation of the appeal.  After all briefs had been filed, the Arkansas Court of Appeals dismissed the appeal without prejudice due to lack of a final order, as there was a subrogation claim by the intervening workers' compensation carrier still pending.  They further state that attorneys for Turner, and Swift's attorneys from Hardin, Jesson & Terry, PLC, communicated with each other and the trial court regarding a proposed amended judgment with changes to the Rule 54(b) certificate.  They further admit that the trial court entered an order styled Amended Judgment on December 9, 2009, which contained a purported Rule 54(b) certificate, but deny that the purported Rule 54(b)

certificate constituted a final order for purposes of appeal. All remaining allegations contained in paragraph 9 are denied as stated.

10. As to the allegations contained in paragraph 10, they admit and state that after the Drew County trial court signed the Amended Judgment, a file-marked copy of the Amended Judgment was mistakenly sent by the Drew County Circuit Court to Angulo's former law firm, the Laser Law Firm, although he had not been practicing at that particular firm for over 18 months. They are without sufficient knowledge or information as to whether or not the Drew County Circuit Court sent a copy of the Amended Judgment to Swift's additional attorneys, Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, and Hardin, Jesson & Terry, PLC. They further admit that the Laser Law Firm forwarded a copy of the Amended Judgment to Angulo via e-mail on or about December 14, 2009. They further admit that due to extenuating circumstances, Angulo did not forward a copy of the Amended Judgment to Swift's additional attorneys, Hardin, Jesson & Terry, PLC within 30 days of the entry of the Amended Judgment, and admit that a notice of appeal was not filed by any of Swifts attorneys within 30 days from the date the Amended Judgment was file-marked. Defendants are without sufficient knowledge or information as to whether or not Swift's other defense counsel, Hardin Jesson & Terry, PLC and Weinberg, Wheeler, Hudgins, Gunn & Dial, undertook any independent efforts to monitor the status of the entry of the amended judgment and to ensure that a timely notice of appeal was filed. All remaining allegations contained in this paragraph are denied.

11. They deny the allegations contained in paragraph 11.

12. They deny the allegations contained in paragraph 12.

13. They join plaintiff's jury demand on the issues of negligence, but affirmatively state that the issues of causation in this case are matters of law for the District Court. They

further affirmatively assert that because plaintiffs cannot prove that the Arkansas Court of Appeals would have reversed the underlying judgment against Swift on sufficiency of the evidence grounds, plaintiffs' claim of legal malpractice fails as a matter of law on the issue of causation.

14. They deny all statements, allegations, and averments contained in the plaintiff's prayer for relief.

15. They deny any negligence on the part of these defendants, and deny that any alleged actions or inactions on the part of these defendants proximately caused any damages to the plaintiff.

16. They deny that the plaintiffs are entitled to recover any form, kind, or type of damages whatsoever from these defendants.

17. They deny generally and specifically each and every allegation contained in plaintiffs' Complaint which are not otherwise expressly admitted herein.

18. They affirmatively state that, on January 13, 2010, Swift filed a <u>Motion for Extension of Time to File Notice of Appeal, or in the Alternative, to Vacate Judgment, and Statement in Support</u>, in the Circuit Court of Drew County. The Drew County Circuit Court denied that Swift's motion on January 20, 2010. Swift filed a timely Notice of Appeal on January 21, 2010, appealing the Order denying the <u>Motion for Extension of Time to File Notice of Appeal, or in the Alternative, to Vacate Judgment</u>, as well as indicating that it intended to also appeal from the intermediate orders of the trial court involving the merits and the Amended Judgment entered on December 9, 2009. The Court of Appeals entered a briefing schedule to guide the appeal. During the pendency of the appeal, Swift voluntarily settled with Turner, allegedly for the amount of the underlying judgment, before any briefs were filed in the Arkansas

Court of Appeals.  Therefore, the defendants affirmatively plead that plaintiffs, by settling with the underlying plaintiff in the Turner lawsuit while there were pending issues on appeal, voluntarily waived their right to have their arguments heard on appeal.  They affirmatively plead voluntary payment, estoppel, and waiver as defenses to the plaintiffs' Complaint herein.

19. They plead all other affirmative defenses which may be applicable to the claims of the plaintiff pursuant to Fed. R. Civ. P. 8(c).

20. This Answer is being filed prior to the completion of discovery and investigation, and defendants therefore reserve the right to seek to amend this Answer and plead further herein, including filing additional pleadings, defenses, affirmative defenses, claims, motions, or amendments to their pleadings.

WHEREFORE, PREMISES CONSIDERED, the defendants, Alfred F. Angulo, Jr. and Barrett and Deacon, a Professional Association, pray that the Complaint of the plaintiffs be dismissed, for their costs, and all other relief to which they may be justly entitled.

JURY TRIAL REQUESTED ON ALL TRIABLE ISSUES OF FACT.

ALFRED F. ANGULO, JR. and
BARRETT AND DEACON, A PROFESSIONAL ASSOCIATION

By: /s/ Walter B. Cox_____
Walter B. Cox    BIN66015
wcox@coxfirm.com
James R. Estes    BIN2000094
jestes@coxfirm.com
COX, COX & ESTES, PLLC
P. O. Box 878
Fayetteville, AR 72702
479-251-7900

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 1, 2010, I electronically filed this pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Timothy O. Dudley
Danny Crabtree
Attorneys for Plaintiff
114 S. Pulaski Street
Little Rock, AR  72201

                                  /s/ Walter B. Cox
                                  Walter B. Cox
                                  Cox, Cox & Estes, PLLC
                                  P. O. Box 878
                                  Fayetteville, Arkansas 72702
                                  (479) 251-7900
                                  (479) 251-7910
                                  wcox@coxfirm.com